UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PETRA EVA ELISE GEIGER,

       Petitioner,

v.

JOHN NORBERT HERBECK,

       Respondent.

**MEMORANDUM OPINION AND ORDER**
Civ. No. 12-1588 (MJD/TNL)

Anton Champion, Law Office of Anton Champion, LLC, Counsel for Petitioner.

Valerie Arnold, Arnold, Rodman & Pletcher PLLC, Counsel for Respondent.

## I. Introduction

This matter is before the Court on Petitioner Petra Eva Elise Geiger's Motion for Attorney Fees and Costs. [Docket No. 28] The Court has carefully considered the entire record in this matter and concludes that oral argument is unnecessary.

## II. Background

On August 23, 2012, the Court granted Geiger's Petition to Return the Child to Habitual Residence, Sweden. [Docket No. 26] The underlying facts of

this case are set forth in detail in this Court's August 23, 2012 Order. Petitioner Geiger now seeks an award of attorney fees and costs pursuant to the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601-11610 (2009). Geiger requests attorney fees and costs and travel expenses totaling $30,792.92.

## III. Discussion

### A. Standard

ICARA provides that:

> [a]ny court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11607(b)(3). "This Court 'has the duty, under 42 U.S.C. § 11607(b)(3), to order the payment of necessary expenses and legal fees, subject to a broad caveat denoted by the words, clearly inappropriate.'" Silverman v. Silverman, No. Civ. 00-2274 JRT, 2004 WL 2066778, at *2 (D. Minn. Aug. 26, 2004) (citing Whallon v. Lynn, 256 F.3d 138, 140 (1st Cir. 2004)). The Respondent has the

burden to show that an award of fees and expenses would be "clearly inappropriate." Whallon, 256 F.3d at 140.

### B. Petitioner's Attorney Fees and Costs

In support of her request for attorney fees and costs, Geiger submitted an affidavit detailing the attorney fees that she incurred in connection with the underlying Hague proceeding. The fees and costs "include letters and emails sent, telephone calls, preparation of the Hague Petition, preparation of motion papers for the Hague proceeding, preparation of pleadings in the Hennepin County custody and Hague proceedings, trial preparation, attending hearings and trial, and post-trial submissions." (Champion Aff. at ¶ 4.) Geiger also submitted an affidavit from one of her Minnesota attorneys, Anton Champion, documenting the hours expended by her United States and Swedish attorneys and their respective hourly rates. The Champion affidavit also explained that Sweden provided Geiger with legal aid for a portion of her attorney fees and costs. As explained by Champion, "Ms. Geiger is required to reimburse Sweden Legal Aid for 5% of the first 100 hours of fees. After the first 100 hours, 40% of attorney fees covered by Legal Aid need to be reimbursed by Ms. Geiger." (Champion Aff. at ¶ 3.)

3

Geiger requests that the Court order Herbeck to pay $22,048.67 in attorney fees. (Geiger Aff. at ¶ 3; Champion Aff. at ¶ 9.) This amount represents the attorney fees and costs that were not covered by Sweden Legal Aid, and the amount that Geiger is required to reimburse Sweden Legal Aid. According to Champion, a total of $19,412.86 of Geiger's attorney fees were not covered by Sweden Legal Aid. (Id. at ¶¶ 3, 9.) Additionally, Geiger is required to reimburse $2,635.81 to Sweden Legal Aid. (Champion Aff. at ¶ 9.) Geiger reasons that these amounts were reasonable and necessary expenses, and therefore she should recover her attorney fees under ICARA.

Herbeck challenges Geiger's request as seeking attorney fees that are beyond those necessary for the return of the child. Herbeck does not dispute Geiger's attorneys' hourly rates or the amount of time spent litigating the underlying Hague proceeding. Herbeck challenges Geiger's request for the attorney fees associated with the Hennepin County custody proceeding. Herbeck asserts that the fees incurred by Geiger prior to the date of service of the Hague Petition, with the exception of those incurred for preparing the Petition, are attributable to the state court custody proceeding and should not be considered necessary expenses under ICARA. Herbeck also asserts that any

4

legal fees paid by Sweden Legal Aid should be excluded from any attorney fee award because Petitioner does not allege that she is required to reimburse these fees.

The Court concludes that the majority of the requested attorney fees and costs requested are reasonable. The hourly billing rates submitted by Geiger's Minnesota counsel are reasonable and commensurate with the rates of other attorneys with similar knowledge and experience. The Court disagrees with Herbeck's argument that legal fees paid by Sweden Legal Aid should be excluded. Based on the record before the Court, Geiger seeks only those fees that she is required to reimburse to Sweden Legal Aid or fees that were not covered by Sweden Legal Aid. See Champion Aff. at ¶ 9. Geiger's motion does not include a request for the attorney fees and costs that were covered by Sweden Legal Aid and that she is not required to reimburse.

The Court also disagrees with Herbeck's argument that fees incurred in connection with the state court custody proceeding were not necessary to the return of the child. See Lakeman v. Weed, Civil No. 10-4265 (DWF/SRN), 2011 WL 824588, at *2 (D. Minn. Mar. 2, 2011) ("The Court also disagrees with [Respondent's] argument that work done by [Petitioner's] counsel in the

5

proceedings in Dakota County was not necessary to the return of [the child]."). Based on the record before the Court, however, the Court finds that the amount of time spent on certain tasks was excessive in light of the nature of the tasks. The Court therefore finds that a reduction in attorney fees and costs of 10% is appropriate. The Court awards Geiger $19,843.80 in attorney fees and costs.

### C. Petitioner's Travel Expenses

Geiger also seeks to recover the hotel and airfare expenses she incurred in connection with the underlying Hague proceeding. Geiger requests $623.70 in hotel expenses, $1,707.66 for a May 2012 flight to Sweden that she was required to cancel because Herbeck took N.D.G.H.'s passport, and $1,407.29 for an August 2012 flight home for herself and N.D.G.H. after the Court granted her Verified Petition. (Geiger Aff. at ¶ 8.)

Herbeck does not contest Geiger's request for hotel expenses. Herbeck admits that he is responsible for the travel fees associated with the cancellation of the May 2012 flight. Herbeck argues, however, that Geiger voluntarily traveled to Minnesota and should be responsible for her own return travel to Sweden because this was a "voluntary expense."

The Court concludes that all of Geiger's hotel and airfare expenses were necessary expenses under ICARA. ICARA explicitly provides that "necessary expenses" include "transportation costs related to the return of the child." 42 U.S.C. § 11607(b)(3). This Court determined that N.D.G.H. is a habitual resident of Sweden. It is unreasonable to expect that a child as young as N.D.G.H. would return to Sweden unaccompanied by his mother. The Court awards Geiger $3,738.65 in travel expenses.

**D.    Petitioner's Mother's Travel Expenses**

Geiger also seeks to recover the hotel and airfare expenses her Mother incurred in connection with the underlying Hague proceeding. Geiger maintains that as a result of Herbeck's retention of N.D.G.H.'s passport, Geiger's mother was required to travel from Sweden to Minnesota to help assist with the care of N.D.G.H. Geiger maintains that her mother cared for N.D.G.H. while she met with her attorneys and prepared for the litigation. Geiger states that her mother incurred airfare costs of approximately $1,150.00 for a return flight to Sweden on August 25, 2012, and $3,855.60 in hotel bills for her stay in Minnesota.

Herbeck argues that these are not necessary expenses under ICARA because Geiger's mother's travel was voluntary and pre-planned. Herbeck also

argues that Geiger's mother's presence was unnecessary because he was "willing and able" to provide care for N.D.G.H.  Finally, Herbeck argues that he was already paying for a hotel room for Geiger and her mother could have stayed in the same room for free rather than incurring additional hotel charges.

The Court concludes that Geiger's mother's expenses were necessary expenses under ICARA.  ICARA provides that the respondent shall pay "necessary expenses incurred by or <u>on behalf of the petitioner</u>" including "foster home or other care during the course of proceedings in the action."  42 U.S.C. § 11607(b)(3).  The Court awards Geiger $5,005.60 for her mother's travel expenses.

### E. Whether An Award Is Clearly Inappropriate

The Respondent bears the burden of establishing that an award of fees and costs would be clearly inappropriate.  <u>Whallon</u>, 356 F.3d at 140.  Herbeck briefly argues that an award of attorney fees, costs, and expenses would be clearly inappropriate.  Herbeck asserts that he acted in good faith when following the recommendations of the National Center for Missing and Exploited Children and his legal counsel.  He also maintains that he never withheld physical custody of N.D.G.H. from Geiger.  Finally, he asserts that he spent "significant amounts of

8

money" supporting Geiger and her mother during this process and incurred his own significant legal costs.

The Court disagrees with Herbeck's arguments and concludes that an award is not clearly inappropriate. Herbeck's asserted good faith actions do not render an award of Geiger's fees, costs, and expenses clearly inappropriate. See Maynard v. Maynard, No. 07-10155, 2007 WL 1869253, at *2 (E.D. Mich. June 28, 2007) ("Respondent's attempts to rehash the merits of the parties' dispute does not in any way address why the amounts requested by Petition 'would be clearly inappropriate.'"). Further, Herbeck provides no evidence that an award would be clearly inappropriate due to his current financial circumstances. See Rydder v. Rydder, 49 F.3d 369, 373-74 (8th Cir. 1995) (reducing fee award due to Respondent's "straitened financial circumstances").

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Petitioner Petra Eva Elise Geiger's Motion for Attorney Fees and Costs [Docket No. 28] is **GRANTED IN PART** and **DENIED IN PART**.

2. Respondent John Norbert Herbeck is ordered to pay $28,588.05 to Petitioner.

Dated: November 29, 2012    s/ Michael J. Davis
                 Michael J. Davis

9

Chief Judge
United States District Court